IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL GUELTZAU,<br><br>        Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner;<br><br>        Defendants. | **8:24CV430**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Mikel Gueltzau ("Plaintiff"), a non-prisoner proceeding in forma pauperis, *see* Filing No. 6, filed an Amended Complaint on March 31, 2025, Filing No. 16, and two Supplements, Filing Nos. 17 and 22, in response to the Memorandum and Order of this Court requiring the amendment of Plaintiff's initial complaint, Filing No. 11. The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). And this Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In this Court's review of Plaintiff's Initial Complaint at Filing No. 1, Plaintiffs' allegations were construed as raising disparate treatment claims for discrimination, harassment, and retaliation related to his disabilities and sexual orientation under the Fair Housing Act at 42 U.S.C. § 3604(b) against Cathy and Derek Warehime ("Defendants"), as the property managers and owners of residential property he formerly rented. *See* Filing No. 11 at 5-10.

However, Plaintiff was instructed to file an amended complaint because, as pleaded, Plaintiff failed to state any claims which could proceed beyond initial review because Plaintiff's assertions of discrimination were conclusory, he failed to describe and connect his disability (and/or sexual orientation) with the actions of the Defendants, and he failed to describe how the Defendants failed to accommodate his disabilities. *Id.* at 10-11.

Upon review of the Amended Complaint and Supplements, Plaintiff has rectified the pleading deficiencies related to all of his claims.[1] Therefore, the following claims may proceed against Defendants Cathy and Derek Warehime: (1) sexual orientation[2] and disability discrimination under the FHA, (2) failure to provide reasonable disability accommodation under 42 U.S.C. § 3604, and (3) retaliation under 42 U.S.C. § 3617.[3]

IT IS THEREFORE ORDERED:

1. Plaintiff's claims of sexual orientation and disability discrimination, failure to provide reasonable disability accommodation, and retaliation under the FHA against Cathy and Derek Warehime may proceed to service of process.

2. To obtain service of process on Defendants Cathy and Derek Warehime, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send two summons forms

---

[1] As the Amended Complaint simply expounds upon the factual assertions and claims set forth in the Initial Complaint, the Court shall not reiterate the factual background and instead incorporates the factual background summarized by this Court in the Initial Review. *See* Filing No. 11 at 3-4.

[2] Because, as noted in the Initial Review of the Initial Complaint, it is unclear a claim for sexual orientation discrimination may proceed under the FHA, *see id.* at 6, this Court finds only that Plaintiff's sexual orientation discrimination claim may proceed to service of process but makes no findings regarding its merits.

[3] *See Gallagher v. Magner*, 619 F.3d 823, 838 (8th Cir. 2010) ("The FHA also prohibits retaliation against any person on account of his having exercised or enjoyed a right granted or protected by the FHA." (citing 42 U.S.C. § 3617)).

and two USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

3. The Clerk of Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Initial Complaint, Filing No. 1, Amended Complaint, Filing No. 16, and Supplements, Filing Nos. 5, 8, 17, and 22, the Court's March 14, 2025, Memorandum and Order, Filing No. 11, and this Memorandum and Order to the United States Marshals Service for service of process on the Defendants Cathy and Derek Warehime.[4]

4. The Marshals Service shall serve Defendants Cathy and Derek Warehime by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual). For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

7. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

9. The Clerk of Court is directed to set a case management deadline in this case with the following text: **November 17, 2025**: service of process to be completed.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 19th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4