IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL GUELTZAU,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner;<br><br>Defendants. | **8:24CV430**<br><br><br>**ORDER** |

On September 2, 2025, Plaintiff filed "Plaintiff's First Set of Interrogatories to Defendant Cheryl Munn" (Filing No. 28 at CM/ECF pp. 1-2) accompanied by a "Motion for Issuance of Subpoena and Hostile Witness Designation" (Filing No. 28 at CM/ECF pp. 3-4). On September 5, 2025 Plaintiff filed an Exhibit and Interrogatory Package" directed to "Defendants: Cheryl Munn, Cathy Warehime, Signature Renovations LLC." (Filing No. 29).  While the August 19, 2025 Memorandum and Order permitted this case to be served, Defendants Cathy Warehime and Derek Warehime have not yet filed an answer or other responsive pleading. Additionally, Cheryl Munn and Signature Renovations LLC are not named Defendants.

This court's rules provide that in pro se cases, "[a]pproximately 30 days after the last defendant files an answer, the court will issue an 'Order Setting Schedule for Progression of Case' addressing discovery and other issues. No discovery may take place until this progression order is entered except upon motion and order." NeCivR 16.1(c). *See*

*also* *Brown v. Dep't of Health & Human Servs.*, No. 8:16CV377, 2017 WL 1533386, at *3 (D. Neb. Apr. 26, 2017)("[D]efendants should not have served any discovery requests until the progression order was entered[.]"); *Hillard v. Windstream Commc'ns, No. 8:10CV52, 2010 WL 1927970, at *1 (D. Neb. May 11, 2010)*("Defendants have not yet filed an answer and no progression order has been entered in this matter. Thus, in accordance with the court's Local Rules, no discovery may take place in this matter and no protective order is necessary.").

In this case, because no defendant has filed an answer and no progression order has been entered, no discovery may take place without a court order. To the extent that Plaintiff has already served discovery, the recipient(s) need not respond to it. When a progression order is entered, Plaintiff will be required to re-serve any discovery requests in accordance with that progression order. Accordingly,

IT IS ORDERED:

1.  "Plaintiff's First Set of Interrogatories to Defendant Cheryl Munn" and "Motion for Issuance of Subpoena and Hostile Witness Designation" are stricken.
2.  "Plaintiff's Exhibit and Interrogatory Package" is stricken.
3.  The Clerk is directed to strike Filing No. 28 and Filing No. 29 in their entirety.
4.  No discovery may take place until the court enters a progression order after the last defendant has filed an answer, in accordance with NECivR 16.1(c).

Dated this 8th day of September, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge