IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL GUELTZAU,<br><br>    Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner;<br><br>    Defendants. | 8:24CV430<br><br><br>MEMORANDUM AND ORDER |

  This matter is before the court on plaintiff Mikel Gueltzau's Motion to Strike portions of Defendant's answer (Filing No. 36) under Fed. R. Civ. P. 12(f). (Filing No. 39).[1] Plaintiff argues Defendants make improper affirmative allegations, blanket denials without basis, immaterial and impertinent reservations of rights and that Defendant's statement that Plaintiff's claims are barred for failure to state a claim is procedurally improper. (Filing No. 39).

  Under Rule 12(f) the court has broad discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See also Donelson v. Ameriprise Fin. Servs., Inc.,* 999 F.3d 1080, 1091 (8th Cir. 2021). Despite that discretion this court – like most – generally disfavors motions to strike and infrequently

---

[1] The court notes that Plaintiff's motion does not comply with the Local Rules for motion practice which require a separate motion and brief for motions raising a substantial issue of law. *See* NECivR 7.1; *See, also*, Filing No. 37, ¶ 10. Fed. R. Civ. P. 12(f) permits the court to act on its own, so for the sake of judicial economy, the court addresses Plaintiff's motion, but reminds Plaintiff that parties who proceed without the assistance of counsel are bound by and must comply with all local and federal procedural rules. NEGenR 1.3(g).

grants them due to the drastic and extreme nature of the remedy. *See Stanbury L. Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam). This case is not the rare exception.

Plaintiff's complaint alleges discrimination on the basis of disability and sexual orientation, failure to accommodate, and retaliation by Defendant's Derek and Cindy Wareheim, the alleged property managers and owners of Peachtree Apartments in Lincoln. (Filing No. 12). Plaintiff seeks to strike paragraphs 2, 8, 11, 12, and 14 of Defendants' Answer and an order from the court requiring Defendants to file an amended answer conforming with Rule 8(b). In Paragraphs 2 and 11, Defendants deny ownership of a property that is involved with Plaintiff's claims and deny entering into a lease or rental agreement with Plaintiff. Paragraph 8 contains a general denial as to Plaintiff's claims, paragraph 12 asserts a defense to the claims, and paragraph 14 reserves the right to raise additional defenses that may arise during the discovery process. None of Defendants' statements are redundant, immaterial, impertinent or scandalous. The answer is therefore related to the pertinent issues alleged in Plaintiff's Complaint.

Accordingly,

IT IS ORDERED that Plaintiff Mikel Gueltzau's Motion to Strike (Filing No. 39) is denied.

Dated this 9th day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge