IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIKEL JAMES GUELTZAU,

                    Plaintiff,

          vs.

DEREK WAREHIME, Property Manager and
Owner; and CATHY WAREHIME, Property
Manager and Owner,

                    Defendants.

**8:24CV430**

**ORDER CLARIFYING DOCKET**

This case involves claims of discrimination based on disability and sexual orientation, failure to accommodate, and retaliation in violation of the Fair Housing Act against two individuals identified as "property managers and owners" of certain apartments in Lincoln, Nebraska. Filing 12 at 1.[1] It is before the Court *sua sponte* for clarification of various docket entries.

Since October 17, 2025, *pro se* plaintiff Mikel James Gueltzau has made numerous filings under confusing and improper CM/ECF docket entries or "events." Consequently, the Court finds it appropriate to construe the various filings, to determine how they relate to each other, and to clarify whether any motions are properly assigned to the undersigned or referred to

---

[1] One of the filings at issue in this Order identifies a purported third defendant as Signature Renovations, LLC. *See* Filing 49. As another judge of this Court observed in a Memorandum and Order on initial review pursuant to 28 U.S.C. § 1915(e)(2),

> The Court notes that it appears from the documents filed that the residential lease at issue in this matter was entered into between Signature Renovations, LLC ("Signature"), and Plaintiff. Filing No. 1 at 3. As Signature is not a party to this action the Court shall not address Signature's potential involvement in this matter further here. However, if Plaintiff files an amended complaint he may wish to clarify Signature's role in this matter, if any.

Filing 11 at 3 n.1. Although Gueltzau filed an Amended Complaint, Filing 12, his Amended Complaint does not clarify Signature's role in this matter, if any.

1

United States Magistrate Judge Ryan C. Carson. Accordingly, the Clerk of Court is directed to edit the docket entries identified below as stated by the Court:

1.    On October 17, 2025, Gueltzau filed what was docketed as a "Supplemental Motion for an Order Affirming the Commissioner's Decision," Filing 43, with an "Exhibit," Filing 43-1. However, this action is not for judicial review of any federal agency's decision, and there is no administrative record. The item docketed as Filing 43 is internally titled "Plaintiff's Supplemental Evidence – Exhibits N–S (CI 24-8159 Cross-Referenced)." It then states, "This filing includes Exhibits N through S in support of Plaintiff's Objection and Motion to Strike Defendants' Blanket Denial." Filing 43 at 1. Filing 43-1 is 167 pages of documents filed in an "Action for Possession" in the County Court of Lancaster County, Nebraska, Case No. CI 24-8159, by Signature Renovations, LLC, against Mikel Gueltzau, and All Other Occupants. The documents filed as Filing 43 and Filing 43-1 appear to be exhibits relating to Plaintiff's later filings on October 20, 2025, that were docketed and internally titled as "Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike," Filing 51 (reduced from all capitals), and "Plaintiff's Motion to Strike Defendants' Blanket Denial and for Reprimand of Counsel," Filing 49 (reduced from all capitals).

The Clerk of Court is directed to edit the docket entry of Filing 43 to state that it is "Plaintiff's Supplemental Evidence in Support of Objection to the Magistrate Judge's Order [51] and Plaintiff's Motion to Strike Defendants' Blanket Denial and for Reprimand of Counsel [49]." Filing 43 is not a "motion," so the Clerk of Court is directed to terminate it as a "motion."

2.    On October 17, 2025, Gueltzau filed what was docketed as "Supplemental Motion for an Order Affirming the Commissioner's Decision and Motion for Partial Summary Judgment." Filing 44. Again, this action is not for judicial review of any federal agency's

decision, and there is no administrative record. Also, this filing does not include any Motion for Partial Summary Judgment. This one-page filing is internally titled "Subpoena Duces Tecum to the Lincoln Housing Authority." Filing 44. It is a discovery request pursuant to Federal Rule of Civil Procedure 45 "to produce all records files, and communications re . . . ," at which point the document text is truncated at the edge of the page. Filing 44.

The Clerk of Court is directed to edit the docket entry of Filing 44 to state that it is "Plaintiff's Subpoena Duces Tecum to the Lincoln Housing Authority." Filing 44 is not a "motion," so the Clerk of Court is directed to terminate it as a "motion."

3.    On October 17, 2025, Gueltzau filed a document docketed as "Administrative Record." Filing 45. Again, this action is not for judicial review of any federal agency's decision, and there is no administrative record. The document is in fact a series of documents filed in the District Court of Lancaster County, Nebraska, Case No. CI-24-12319, by Gueltzau against Signature Renovations. The Court finds that these documents, like those filed at Filing 43 and Filing 43-1, appear to be exhibits relating to Plaintiff's October 20, 2025, Objection and Motion to Strike.

The Clerk of Court is directed to edit the docket entry of Filing 45 to state that it is "Plaintiff's Additional Supplemental Evidence in Support of Objection to the Magistrate Judge's Order [51] and Plaintiff's Motion to Strike Defendants' Blanket Denial and for Reprimand of Counsel [49]."

4.    On October 18, 2025, Gueltzau filed a document docketed as "Service by Publication upon . . . All Defendants." Filing 46. The item docketed as Filing 46 is internally titled "Notice of Service of Plaintiff's First Set of Interrogatories." Thus, it has nothing to do with service by publication.

3

The Clerk of Court is directed to edit the docket entry of Filing 46 to state that it is "Plaintiff's Notice of Service of Plaintiff's First Set of Interrogatories."

5.      Gueltzau's next three filings, on October 20, 2025, are properly docketed. They are docketed and internally titled as his Motion for Sanctions and Request for Reprimand of Counsel, Filing 47; his Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), Filing 48; and his Motion to Strike Defendants' Blanket Denial and for Reprimand of Counsel, Filing 49. These three motions are properly referred to United States Magistrate Judge Ryan C. Carson, and no correction of the docket is required for these three filings.

6.      On October 20, 2025, Gueltzau also filed a document properly docketed as a Notice of Formal Apology and Notice of Procedural Correction, acknowledging and correcting an oversight in some of Gueltzau's prior filings regarding certificates of service. Filing 50. No correction of the docket is required for this filing.

7.      On October 20, 2025, Gueltzau filed a document docketed and internally titled as Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike. Filing 51. This Objection is properly assigned to the undersigned, and no correction of the docket is required for this filing.

8.      On October 20, 2025, Gueltzau also filed a document docketed and internally titled as Plaintiff's Notice of Supplemental Evidence Regarding False Rental Charges. Filing 52. The document explains that it is submitted "in support of Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike." Filing 52 at 1. The docket entry is confusing because it does not indicate properly what motion the evidence purportedly supports.

The Clerk of Court is directed to edit the docket entry of Filing 52 to state that it is "Plaintiff's Additional Supplemental Evidence in Support of Objection to the Magistrate Judge's Order [51]."

**9.**     On October 21, 2025, Gueltzau filed a document docketed as Supplemental Motion for an Order Affirming the Commissioner's Decision and internally titled "Plaintiff's Motion to Expedite Proceedings." Filing 53 (reduced from all capitals). The docket entry is misleading, while the internal title is descriptive of the relief sought in the Motion.

The Clerk of Court is directed to edit the docket entry of Filing 53 to state that it is "Plaintiff's Motion to Expedite Proceedings." The Motion is properly assigned to the undersigned.

Some of these filings are substantively or procedurally improper, and the Court's directions to edit the docket entries should not be taken as suggesting that they are appropriate. Plaintiff is reminded that even though he is a *pro se* litigant he is required to comply with the Federal Rules of Civil Procedure and the Court's local rules.

IT IS SO ORDERED.

Dated this 21st day of October, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge

5