IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL JAMES GUELTZAU,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner;<br><br>Defendants. | 8:24CV430<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the undersigned on the three motions referred from United States District Judge Brian C. Buescher: Plaintiff's Motion for Sanctions and Request for Reprimand of Counsel (Filing No. 47); Plaintiff's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Filing No. 48); and, Plaintiff's Motion to Strike Defendants' Blanket Denial and For Reprimand of Counsel (Filing No. 49). For the reasons that follow, these motions will be denied.

On August 19, 2025, Senior United States District Judge John M. Gerrard found Plaintiff's claims of sexual orientation and disability discrimination, failure to provide reasonable disability accommodation, and retaliation under the FHA against Defendants Cathy and Derek Warehime could proceed to service of process. (Filing No. 23). Defendants filed an answer on September 25, 2025 (Filing No. 36), and a case progression order was entered under NECivR 16.1(c) (Filing No. 37). Thereafter Plaintiff filed a Motion to Strike portions of Defendants' Answer under Fed. R. Civ. P. 12(f). (Filing No.

1

39). The motion was denied by the undersigned because Defendants' pleadings were pertinent to the issues alleged in Plaintiff's Complaint, and none of the statements were redundant, immaterial, impertinent, or scandalous. (Filing No. 40).

In Filing No. 47, Plaintiff's motion for sanctions requests that the court take judicial notice of Lancaster County Court Cases CI 24-8159, CI 24-12319, and CI 24-15657, and find that Defendants' attorney "has acted in bad faith by re-filing or maintaining actions after dismissal." Plaintiff requests that this court issue an order of sanctions and a formal reprimand and refer the attorney to the Nebraska Counsel for Discipline for investigation. Upon review, Plaintiff has not presented grounds to sanction Defendants or their counsel. Plaintiff brought this case in this court, and Defendants' only action so far in it is to file an answer, an answer which the court has found was not improper and should not be stricken. See Filing No. 40. Accordingly, Filing No. 47 will be denied.

Plaintiff's motion for more definite statement asserts Defendants' counterclaim:

1. Fails to identify any specific factual allegations showing how Plaintiff violated any duty or caused any harm;
2. Contains only conclusory denials without supporting detail;
3. Does not specify the legal grounds for relief, leaving Plaintiff unable to frame a responsive pleading; and
4. Falls below the notice pleading standard required under Rule 8(a) and relevant case law.

Filing No. 48.

Upon review of the docket, Defendants have not filed a counterclaim. Fed. R. Civ. P. 7 sets forth the only pleadings allowed in Federal Court. Defendants have filed an answer pursuant to Fed. R. Civ. P. 7(a)(2) stating their defenses as permitted by Fed. R. Civ. P. 8. Fed. R. Civ. P. 12(e) permits a motion for more definite statement of a pleading to which a responsive pleading is allowed, however no further pleadings or responses to Defendants' answer are appropriate. Therefore Filing No. 48 will be denied.

In Filing No. 49, Plaintiff requests that the court strike Defendants' "blanket denial" and reprimand counsel for the positions taken in state court on behalf of Signature Renovations LLC versus positions taken in this court on behalf of Defendants Cathy and

Derek Warehime. The court notes that although Plaintiff has included Signature Renovations LLC as a "defendant" in the caption of his motion, the entity is not a defendant in this action. As previously discussed, the only action taken by Defendants' counsel in this court is the filing of an answer, which is not improper. Plaintiff's request for a reprimand will be denied. Fed. R. Civ. P. 8 permits both general and specific denials, and Plaintiff has not shown why a "blanket denial" is improper or that striking the entire pleading is justified. For these reasons, and for the reasons cited in Filing No. 40, Filing No. 49 will be denied.

Although the motions are not currently before the undersigned, the court notes that plaintiff has requested this court expedite consideration and scheduling of the pending matters in this action. The "just, speedy, and inexpensive determination" *(See* Fed. R. Civ. P. 1) of any action relies upon the cooperation of the parties and attention to the issues raised in the pleadings, and attempts to relitigate issues already decided slows the process. The parties have the right to object to a magistrate judge's rulings, but disregarding and re-arguing unfavorable rulings may be grounds for sanctions. *See* Vallejo v. Amgen, Inc., No. 8:14CV50, 2017 WL 3037391, at *5 (D. Neb. May 30, 2017), aff'd, 903 F.3d 733 (8th Cir. 2018)(a federal court has the inherent power to impose sanctions against both litigants and attorneys who have acted in bad faith, vexatiously, wantonly, or for oppressive reasons.)

IT IS ORDERED:

1. Plaintiff's Motion for Sanctions and Request for Reprimand of Counsel (Filing No. 47) is denied.
2. Plaintiff's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Filing No. 48) is denied.
3. Plaintiff's Motion to Strike Defendants' Blanket Denial and For Reprimand of Counsel (Filing No. 49) is denied.

Dated this 24th day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge