IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL JAMES GUELTZAU,<br><br>              Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner,<br><br>              Defendants. | **8:24CV430**<br><br>**SECOND ORDER CLARIFYING DOCKET** |

On October 21, 2025, the Court entered an Order Clarifying Docket in which the Court *sua sponte* clarified various docket entries. Filing 55. The Court took that course after observing that from October 17, 2025, to October 21, 2025, *pro se* plaintiff Mikel James Gueltzau had made numerous filings under confusing and improper CM/ECF docket entries or "events." Filing 55 at 1. The Court then explained the problems with various docket entries, how and why they were construed by the Court, and how the Clerk of Court was to correct the docket entries. Filing 55 at 2–5. The Court concluded that Order as follows:

> Some of these filings are substantively or procedurally improper, and the Court's directions to edit the docket entries should not be taken as suggesting that they are appropriate. Plaintiff is reminded that even though he is a *pro se* litigant he is required to comply with the Federal Rules of Civil Procedure and the Court's local rules.

Filing 55 at 5. On October 21, 2025, Plaintiff filed another document under an improper CM/ECF "event," which the Court directed the Clerk to modify to a "Notice." Filing 57.

On October 24, 2025, United States Magistrate Judge Ryan C. Carson filed a Memorandum and Order in which he (1) denied Plaintiff's Motion for Sanctions and Request for

1

Reprimand of Counsel, Filing 47; (2) denied plaintiff's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), Filing 48; and (3) denied Plaintiff's Motion to Strike Defendants' Blanket Denial and for Reprimand of Counsel, Filing 49. Filing 58 at 3.

On October 25, 2025, apparently in response to Judge Carson's Memorandum and Opinion, Plaintiff filed two more documents each identified as "Motion for an Order Affirming the Commissioner's Decision," Filing 59; Filing 60, and on October 26, 2025, Plaintiff filed a "Supplemental Motion for an Order Affirming the Commissioner's Decision," Filing 61. None of these documents were filed under the correct CM/ECF "events," where the Court made clear in its previous Order Clarifying Docket that this action is not for judicial review of any federal agency's decision, and there is no administrative record. *See, e.g.*, Filing 55 at 2. Plaintiff clearly has not heeded the Court's prior warning to comply with the Federal Rules of Civil Procedure and the Court's local rules—nor has he heeded the Court's efforts in its prior Order Clarifying Docket to direct him to more appropriate filing "events." Accordingly, the Court must again direct the Clerk of Court to edit the docket entries for and/or to strike the documents Plaintiff filed on October 25, 2025, and October 26, 2025.

Specifically,

1. Filing 59, docketed as Motion for an Order Affirming the Commissioner's Decision and internally titled "Plaintiff's Notice of Clarification Regarding Original Complaint and Intended Defendant," shall be redocketed as a Notice and shall then be stricken. It must also be terminated as a "motion" because it is not a motion. There is no provision in the Federal Rules of Civil Procedure or the Court's local rules for serial filing of "notices" and "clarifications" of prior pleadings, such as a Complaint or Amended Complaint. Federal Rule of Civil Procedure 15

and NECivR 15.1 allow for amendments of pleadings under proper procedures and in appropriate circumstances.

2. Filing 60, also docketed as Motion for an Order Affirming the Commissioner's Decision and internally titled "Notice of Objection to Magistrate Judge's Memorandum and Order (Filing No. 58)," shall be redocketed as Objection to Magistrate Judge's Memorandum and Order (Filing 58). Defendants' time to file an opposing brief under NECivR 72.2(a) shall run from the date that Plaintiff's Objection is redocketed.

3. Filing 61, docketed as Supplemental Motion for an Order Affirming the Commissioner's Decision and internally titled "Plaintiff's Rebuttal and Evidence Summary," shall be redocketed as Plaintiff's Rebuttal and Evidence Summary and shall then be stricken. It must also be terminated as a "motion" because it is not a motion. The document states that it is "in response to Defendants' blanket denials" and includes "evidence demonstrating that Defendants' denials are evasive and unsupported under the Federal Rules of Civil Procedure and the Fair Housing Act." Filing 61 at 1. In the absence of a counterclaim in an Answer—and Defendants' Answer to Amended Complaint contains no counterclaim, *see* Filing 36—there is no provision in the Federal Rules of Civil Procedure or the Court's local rules for a response or rebuttal of any kind to a party's Answer. Rather, once the pleadings of the parties have been filed, the case proceeds to discovery and motion practice pursuant to a Progression Order, like the Final Progression Order filed October 2, 2025. Filing 37.

Further substantively or procedurally improper filings will be stricken. Filings under improper or misleading CM/ECF events may be stricken. Plaintiff is reminded again that even

though he is a *pro se* litigant he is required to comply with the Federal Rules of Civil Procedure and the Court's local rules, as well as this Court's orders.

IT IS SO ORDERED.

Dated this 28th day of October, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge