IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL JAMES GUELTZAU,<br><br>               Plaintiff,<br><br>      vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner,<br><br>               Defendants. | **8:24CV430**<br><br>**ORDER STRIKING ADDITIONAL DOCUMENTS AND REVOKING PLAINTIFF'S CM/ECF FILING PRIVILEGES<br>AND<br>ORDERING PLAINTIFF TO SHOW CAUSE WHY FUTURE SUBMISSIONS SHOULD NOT BE SCREENED BY THE COURT BEFORE FILING** |

The Court has previously filed two orders clarifying the docket because of improper or improperly docketed documents filed by the *pro se* Plaintiff, who alleges discrimination in violation of the Fair Housing Act. Filing 55; Filing 62. The Court has also filed an order striking a document filed by Plaintiff because that document was also improperly docketed. Filing 65. Nevertheless, within a few minutes of the Court filing the latter order—but after Plaintiff was sent email notification of the filing of that order—Plaintiff filed two more improper and improperly docketed documents. Filing 66 and Filing 67.

Filing 66 was docketed by Plaintiff as a Supplement and internally titled "Plaintiff's Supplemental Evidence in Support of Objection (Doc. 60)." Federal Rule of Civil Procedure 72 does not authorize an objecting party to submit additional evidence in support of objections to a magistrate judge's order without leave of the Court. Filing 66 is improper.

Filing 67 is another in a series of documents improperly docketed by Plaintiff as a Motion for an Order Affirming the Commissioner's Decision, but it is internally titled "Plaintiff's Motion for Judicial Notice of Exhibited Evidence Demonstrating Retaliation, Discrimination, and

1

Misrepresentation." The Court has previously made clear that this action is not for judicial review of any federal agency's decision and that there is no administrative record, so there is no Commissioner's Decision to be affirmed or denied. Consequently, the Court directed the redocketing of various documents improperly docketed in similar ways under the correct CM/ECF "events." *See, e.g.*, Filing 55 at 2; Filing 62 at 2. The Court has also previously explained that there is no provision in the Federal Rules of Civil Procedure or the Court's local rules for serial filing of "notices" and "clarifications" of prior pleadings. *See* Filing 62 at 2. Similarly, Plaintiff's serial submissions of evidence are contrary to the Federal Rules of Civil Procedure, which provide that once the pleadings of the parties have been filed, the case proceeds to discovery and motion practice pursuant to a Progression Order, not by serial submissions of evidence. *See, e.g.*, Fed. R. Civ. P. 16; Fed. R. Civ. P. 26.

The Court previously cautioned Plaintiff that even though he is a *pro se* litigant he is required to comply with the Federal Rules of Civil Procedure, the Court's local rules, and this Court's orders. Filing 55 at 5; Filing 62 at 2–3; *see also Fletcher v. Brown Cnty.*, No. 7:05CV5024, 2008 WL 752661, at *2 (D. Neb. Mar. 18, 2008) ("[A] pro se plaintiff must 'comply with all local rules . . . and with the federal rules of procedure.'" (quoting NECivR 1.3(g))); NECivR 7.1(b)(1)(B)). Plaintiff is clearly making no effort to follow the Court's guidance to file documents under the proper CM/ECF events or to comply with applicable rules for the orderly resolution of this case. The Court has been compelled to devote resources better spent on other matters to address and correct Plaintiff's improper filings, as well as to indicate to Plaintiff what documents may be filed and how they may be filed. The Court previously cautioned Plaintiff that not only will filings that are improper or made under improper CM/ECF events by stricken, but that

continued conduct such as this will result in the Court revoking Plaintiff's rights to electronically file documents. Filing 65 at 1.

Plaintiff has a right to access the courts. However, his right of access cannot be unlimited in the face of abuse. A plaintiff who persists in making frivolous filings can be banned from making filings or filing any lawsuits in this Court for a certain duration in the future. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) ("The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." (internal citations omitted)). More specifically,

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate: maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.
>
> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice. . . . Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.
>
> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d at 1292–93 (8th Cir. 1988) (internal citations omitted) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)); *see also Williams v.*

*McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.").

The Court finds that imposing filing restrictions on Plaintiff in this case is warranted to protect the Court from "unnecessary burdens on, and the useless consumption of, court resources" and to protect Defendants from harassing and meritless motions. *Id.* Thus, Plaintiff will be ordered to show cause by the deadline below why Plaintiff should not be required to submit all proposed filings for review by the Court before filing. The Court would then authorize filing only of submissions by Plaintiff that the Court determines request proper action by the Court. The Court would direct that improper filings would not be filed but would instead be returned to Plaintiff with a copy retained in a "correspondence" file.

A plaintiff who files frivolous claims or documents can also be sanctioned and held personally financially responsible for the costs associated with requiring defendants to respond to nonsense. *Kurkowski v. Volcker*, 819 F.2d 201, 203–04 (8th Cir. 1987) (explaining that Rule 11 of the Federal Rules of Civil Procedure "allows the district court to impose sanctions whenever a plaintiff"—including a *pro se* plaintiff—"has filed a frivolous lawsuit"). In certain cases, and upon appropriate legal action being taken, a plaintiff's assets can be seized to pay for the costs associated with a plaintiff's conduct. *See, e.g., Eckert v. Lane*, 678 F. Supp. 773, 777 (W.D. Ark. Jan. 26, 1988) (imposing Rule 11 sanctions upon a *pro se* plaintiff for "frivolous filings" and directing the United States Attorney for the Western District of Arkansas "to collect such amount by garnishment, execution, or other appropriate means").

Accordingly,

IT IS ORDERED that

1.    Filing 66 is stricken as improper and improperly docketed;

4

2.      Filing 67 is stricken as improper and improperly docketed; and

3.      The Clerk of Court is directed to revoke Plaintiff's permission to use CM/ECF for electronic filing in this case. Plaintiff must submit all proposed filings in paper form to the Clerk's Office. The Clerk of Court will now serve orders and other filings in paper format via mail, as Plaintiff will no longer receive electronic notice.

IT IS FURTHER ORDERED that Plaintiff shall file in paper form a Response to Order to Show Cause post-marked or stamped received by the Clerk not later than Friday, November 14, 2025, showing cause why all Plaintiff's future submissions should not be reviewed by the Court prior to filing, with the Court authorizing filing only of submissions requesting proper action by the Court and directing that documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file.

Dated this 3rd day of November, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge

5