IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL JAMES GUELTZAU,<br><br>                    Plaintiff,<br><br>         vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner,<br><br>                    Defendants. | 8:24CV430<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND VARIOUS FILINGS** |

This case is before the Court on the *pro se* Plaintiff's Response to Order to Show Cause and Motion for ADA Accommodation/Transfer to Lincoln Division. Filing 71. The Order to Show Cause to which Plaintiff purportedly responds followed a trio of Orders addressing Plaintiff's various improper, improperly docketed, and frivolous filings in this case alleging discrimination in violation of the Fair Housing Act. Specifically, the Court filed two orders clarifying the docket because of improper or improperly docketed documents filed by Plaintiff. Filing 55; Filing 62. The Court also entered an Order Striking Document on October 30, 2025, which cautioned Plaintiff that "[f]uture filings that are improper or made under improper CM/ECF events will be stricken" and that "[c]ontinued conduct such as this will result in the Court revoking Plaintiff's rights to electronically file documents." Filing 65 (showing copy was emailed to pro se party).

On November 3, 2025, the Court filed an Order Striking Additional Documents and Revoking Plaintiff's CM/ECF Filing Privileges and Ordering Plaintiff to Show Cause Why Future Submissions Should Not Be Screened by the Court Before Filing. Filing 70. Among other things, in that Order the Court directed the Clerk of Court to revoke Plaintiff's permission to use CM/ECF for electronic filing in this case and directed Plaintiff to submit all proposed filings in paper form

1

to the Clerk's Office. Filing 70 at 5. That Order also stated, "The Clerk of Court will now serve orders and other filings in paper format via mail, as Plaintiff will no longer receive electronic notice." Filing 70 at 5. In addition, in that Order, the Court "f[ound] that imposing filing restrictions on Plaintiff in this case is warranted to protect the Court from 'unnecessary burdens on, and the useless consumption of, court resources' and to protect Defendants from harassing and meritless motions." Filing 70 at 4 (quoting *In re Tyler*, 839 F.2d at 1292–93 (8th Cir. 1988), in turn quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)); *see also Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts."). The Court then ordered Plaintiff to show cause why the Court should not take further action to limit his ability to file documents in this case. Specifically, the Court ordered,

> Plaintiff shall file in paper form a Response to Order to Show Cause post-marked or stamped received by the Clerk not later than Friday, November 14, 2025, showing cause why all Plaintiff's future submissions should not be reviewed by the Court prior to filing, with the Court authorizing filing only of submissions requesting proper action by the Court and directing that documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file.

Filing 70 at 5.

Just over two hours later, Plaintiff submitted to the Clerk's Office in the Denney Federal Building in Lincoln, Nebraska, in person, two additional documents in paper form. Filing 71; Filing 72. Thus, these documents were submitted after Plaintiff was emailed the Order to Show Cause. *See* Filing 70 (docket entry showing copy emailed and mailed to *pro se* party). Later the same day, the Clerk's Office in Omaha received three additional documents by mail postmarked October 31, 2025. Filing 73; Filing 74; Filing 75. Thus, these three documents were mailed before the entry of the Order to Show Cause on November 3, 2025, but after Plaintiff was emailed the

2

Court's October 30, 2025, Order Striking Document cautioning Plaintiff against making further improper filings. Filing 65 (showing copy was emailed to *pro se* party).

Plaintiff's first in-person submission on November 3, 2025, was docketed by the Clerk and titled by Plaintiff as his Response to Order to Show Cause and Motion for ADA Accommodation/Transfer to Lincoln Division. Filing 71. However, even read liberally, nothing in that document states or suggests "why all Plaintiff's future submissions should not be reviewed by the Court prior to filing." Filing 70 at 5. Instead, it addresses only Plaintiff's request for "reassignment" or "transfer" of this case to the Lincoln Division and reasonable accommodation under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. *See* Filing 71 at 2. Thus, the Court concludes that Plaintiff has failed to show cause why all his future submissions should not be reviewed by the Court prior to filing, with the Court authorizing filing only of submissions requesting proper action by the Court and directing that documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file. Filing 70 at 5. The Court will now impose those requirements for Court review of all Plaintiff's future filings. *See* Filing 70 at 5; *Fletcher v. Brown Cnty*, No. 7:05CV5024, 2008 WL 752661, at *2 (D. Neb. Mar. 18, 2008) ("[A] pro se plaintiff must 'comply with all local rules . . . and with the federal rules of procedure.'" (quoting NECivR 1.3(g))); NECivR 7.1(b)(1)(B)); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) ("The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." (internal citations omitted)); *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts."). Plaintiff has already been

ordered to make all submissions in paper form. The Court will now direct that all submissions in paper form shall be by mail in order to manage such submissions effectively and efficiently.

The Court turns next to the part of Plaintiff's first in-person filing consisting of his Motion for Reassignment or Transfer of Case to Lincoln Division. Filing 71 at 2. Plaintiff cites NEGenR 1.4(a)(2) as authority for such a transfer, but that local rule relates to assignment of a case to a district judge, not to transfer from one division to another division in the same district. *See* NEGenR 1.4(a)(2). There are no grounds for reassignment of this case to another judge or recusal by the undersigned. Plaintiff hits no nearer the mark when he cites 28 U.S.C. § 1391(b), which pertains only to venue within a district, not to venue within a division. 28 U.S.C. § 1391(b). Nevertheless, 28 U.S.C. § 1404 permits transfer of a case for the convenience of the parties—and in the Court's discretion—to a district or division in which it might have been brought. 28 U.S.C. § 1404(a) and (b). The Court declines to exercise its discretion under § 1404 because the Court is not convinced that litigation of this case in the Omaha Division rather than the Lincoln Division is substantially less convenient for the parties, particularly where the Court will order that all Plaintiff's submissions in paper form shall be by mail, thus eliminating Plaintiff's concerns with travel to Omaha or even to the Federal Building in Lincoln. *See* Filing 71 at 2. However, the Court will construe Plaintiff's Motion as a request for trial of this matter—if it ever reaches that stage of the litigation—in Lincoln rather than Omaha. *See* NECivR 40.1(b). Where the Motion is construed as a request for trial in Lincoln, the rule gives Defendants 14 days from filing of the Motion on November 3, 2025, to respond. NECivR 40.1(b). Thus, the Court will await a response before ruling on the place for trial.

In the same Motion, Plaintiff requests "reasonable accommodation pursuant to the Americans with Disabilities Act (ADA) and the Rehabilitation Act." Filing 71 at 2. Specifically, he requests permission to "[f]ile documents via email or fax as a reasonable accommodation due

to health and financial hardship." Filing 71 at 2. However, the Court concludes that ordering Plaintiff to make all submissions in paper form by mail reasonably accommodates his health and financial hardship by providing him with meaningful access to the Court. *See Hall v. Higgins*, 77 F.4th 1171, 1181 (8th Cir. 2023) ("[A] public entity must make reasonable accommodations where necessary to give 'meaningful access' to programs or benefits."). Fax and email filing are not reasonably necessary. Indeed, Plaintiff's past conduct demonstrates that his electronic access to the Court's docketing system was abused, so that fax or email filing would be inappropriate. Plaintiff also seeks an order that "future hearings or conferences [be] conducted via Zoom or telephone when in-person appearance in Omaha would create an undue burden." Filing 71 at 2. The Court already takes into consideration the location and circumstances of the parties in setting hearings or other proceedings in person or by remote means, so that no such specific accommodation is reasonably necessary. Furthermore, Plaintiff's ability to respond to the Court's Show Cause Order within hours by personally delivering a response to the Clerk's Office in Lincoln casts doubt on his need for further accommodations.

Thus, Plaintiff's Motion, Filing 71, is denied as to the requested accommodations, but remains pending as to the place for trial.

Plaintiff's second in-person filing on November 3, 2025, was docketed by the Clerk and titled by Plaintiff as an Affidavit of Mikel James Gueltzau. Filing 72. However, it is another in his stream of improper serial submissions of evidence. It is stricken.

Because of Plaintiff's past abuse of electronic filing privileges and filing of frivolous documents, the Court will also review his three filings submitted by mail postmarked October 31, 2025, and docketed November 3, 2025. Filing 73; Filing 74; Filing 75. Plaintiff's Motion for Permission to Bring Electronic Device into Courthouse, Filing 73, is denied as premature, because he is required to make all submissions in paper form by mail and no personal appearances for any

5

proceedings are scheduled at this time. His Notice and Request for Reasonable Accommodation and Pacer Fee Waiver under the Americans with Disability Act (ADA), Filing 74, is denied as moot, because he is not allowed to submit filings by email or fax or via the CM/ECF system, and he will receive paper copies of all filings via mail from the Clerk of Court. *See* Filing 70 at 5. Finally, Plaintiff's Statement of Proof of Landlord Identity and Denial of Reasonable Accommodation, Filing 75, is yet another in Plaintiff's stream of improper serial submissions of evidence. It is stricken.

Accordingly,

IT IS ORDERED that

1. Plaintiff has failed to show cause why all his future submissions should not be reviewed by the Court prior to filing. Consequently,

    a. all Plaintiff's future filings must be submitted in paper form via mail to the Clerk of Court;

    b. the Court will authorize filing only of submissions requesting proper action by the Court; and

    c. documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file.

2. Plaintiff's Motion for Reassignment or Transfer of Case to Lincoln Division, Filing 71, is

    a. denied when construed as a motion to transfer to the Lincoln Division pursuant to 28 U.S.C. § 1404, but

    b. remains pending when construed as a request for trial of this matter in Lincoln rather than Omaha, with Defendants to respond not later than November 17, 2025, pursuant to NECivR 40.1(b).

      3.      Plaintiff's Motion for ADA Accommodation, Filing 71, is denied as to the requested accommodations.

      4.      Plaintiff Affidavit of Mikel James Gueltzau. Filing 72, is stricken as improper.

      6.      Plaintiff's Motion for Permission to Bring Electronic Device into Courthouse, Filing 73, is denied as premature.

      6.      Plaintiff's Notice and Request for Reasonable Accommodation and Pacer Fee Waiver under the Americans with Disability Act (ADA), Filing 74, is denied as moot.

      7.      Plaintiff's Statement of Proof of Landlord Identity and Denial of Reasonable Accommodation, Filing 75, is stricken as improper.

Dated this 4th day of November, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge