IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL JAMES GUELTZAU,<br><br>        Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner,<br><br>        Defendants. | **8:24CV430**<br><br>**ORDER ON SCREENING OF DOCUMENTS SUBMITTED BY PLAINTIFF WHILE HIS APPEAL WAS PENDING** |

On November 4, 2025, the Court filed a Memorandum and Order on Plaintiff's Response to Order to Show Cause and Various Filings. Filing 76. In that Memorandum and Order, among other things, the Court concluded that Plaintiff has failed to show cause why all his future submissions should not be reviewed by the Court prior to filing. Filing 76 at 6. Consequently, the Court ordered that all Plaintiff's future filings must be submitted in paper form via mail to the Clerk of Court; that the Court will authorize the filing only of submissions requesting proper action by the Court; and that documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file. Filing 76 at 6.

On November 10, 2025, Plaintiff filed a Notice of Appeal (identified as "Emergency Appeal Packet"), Filing 78, appealing the Court's Memorandum and Order, Filing 76, and a prior Order revoking Plaintiff's CM/ECF filing privileges, Filing 70. On November 10, 2025, the Court granted Plaintiff permission to appeal *in forma pauperis*. Filing 80. Plaintiff's appeal otherwise deprived this Court of jurisdiction over any filings by Plaintiff after November 10, 2025. However, on December 3, 2025, United States Magistrate Judge Ryan C. Carson granted Plaintiff's prior Filing 71 to the extent that it requested that Lincoln be designated as the place of trial. Filing 85.

1

On December 4, 2025, the Eighth Circuit Court of Appeals filed a Judgment on Plaintiff's Appeal. Filing 86. That Judgment stated in its entirety, "The court has carefully reviewed the original file of the United States District Court and orders that this appeal be dismissed for lack of jurisdiction." Filing 86 at 1. On January 12, 2026, the Eighth Circuit Court of Appeals denied Plaintiff's petition for rehearing by the panel. Filing 88. Mandate from the Eighth Circuit issued on January 20, 2026. Filing 89. Thus, this District Court once again has jurisdiction to screen the documents Plaintiff submitted to this Court after November 10, 2025. As set out below, the Court either authorizes the filing of submissions requesting proper action by the Court—and in some instances summarily denies the relief requested in those submissions—or determines that the submissions are improper and will not be filed but will be retained in a "correspondence" file. Filing 76 at 6. Accordingly,

IT IS ORDERED as follows:

1.      On November 12, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Motion for Judicial Notice and Request for Corrective Action Regarding Misrepresentation of Lease Terms in State-Court Case CI 24-8159." This submission does not request proper action by the Court and will not be filed but will be retained in a "correspondence" file. While the Court can take judicial notice of public filings in a state-court action, there is no motion properly before the Court at this time that would warrant the Court taking judicial notice of any evidence. The Court will consider proper motions, but the Court will not consider stray submissions of evidence, nor will the Court make rulings on random assertions that an opposing party's submissions contain material misrepresentations. To the extent this submission seeks to compel production of certain documents, there must first be a proper discovery request for such documents. There has been no showing of a prior discovery request.

2.      On November 17, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Reply to Defendants' Response to Plaintiff's Request to Move Trial." This submission will not be filed because the issue of the place of trial is redundant and moot. Judge Carson's December 3, 2025, Order granted Plaintiff's Filing 71 to the extent that it requested that Lincoln be designated as the place of trial. Filing 85.

3.      On November 17, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Plaintiff's First Set of Federal Discovery Requests." This submission shall be filed as a discovery request with the title Plaintiff provided.

4.      On November 17, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Plaintiff's Motion to Transfer Venue to the Lincoln Federal Courthouse and Request for ADA Accommodations." This submission will not be filed because the issue of the place of trial is moot. Judge Carson's December 3, 2025, Order granted Plaintiff's Filing 71 to the extent that it requested that Lincoln be designated as the place of trial. Filing 85. The document is also redundant of Plaintiff's prior accommodation requests on which the Court has already ruled.

5.      On November 17, 2025, Plaintiff submitted to the Clerk of Court a document entitled "United States Court of Appeals for the Eighth Circuit Appearance of Counsel," purportedly entering his appearance on his own behalf on his appeal. This submission will not be filed. Even assuming such an appearance was required, it should have been filed in the Eighth Circuit, and the appeal is now completed in light of the Eighth Circuit's Judgment, Filing 86, denial of rehearing, Filing 88, and Mandate, Filing 89.

6.      On November 17, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Affidavit of Mikel Gueltzau." This submission will not be filed because it is not a proper filing in this action where it does not request proper action by this Court. The Affidavit

3

"respectfully request[s] that the Lincoln Housing Authority reconsider and reinstate my housing eligibility." Aff. of Gueltzau, ¶ 1. Thus, it is directed to the Lincon Housing Authority not this Court.

7.      On November 25, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Plaintiff's Motion to Compel Discovery Responses and for Sanctions." This document shall be filed because it is related to pretrial discovery matters properly before the Court. The Court takes no position on the merits of the Motion, however. The Motion is referred to United States Magistrate Judge Ryan C. Carson for disposition.

8.      On November 25, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Motion for Sanctions Based on Exhibit T." Exhibit T attached to the document appears to be a typed transcription of a handwritten document from defendant Cathy Warehime to someone named "Chassidy." Plaintiff's document asserts, "Exhibit T demonstrates defamatory conduct, retaliation, interference with housing rights, and improper disclosure of confidential tenant information by agents of Signature Renovations." Consequently, Plaintiff seeks sanctions "for misconduct and retaliation," an order compelling production "of all communications made about Plaintiff," an "[o]rder directing Defendants to cease defamatory or unsupported statements," and monetary sanctions, purportedly based on Federal Rules of Civil Procedure 11, 26, and 37. This submission does not request proper action by the Court and will not be filed but will be retained in a "correspondence" file. The Court will not consider stray submissions of evidence, nor will the Court make rulings on random assertions that an opposing party's submissions contain improper statements. Federal Rule of Civil Procedure 37 provides no basis for doing so as a sanction for improper discovery. To the extent this submission seeks to compel production of certain

documents, there must first be a proper discovery request for such documents, but there has been none.

9.      On November 25, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Motion to Admit Exhibit T and for Judicial Notice." This submission does not request proper action by the Court and will not be filed but will be retained in a "correspondence" file. The Court does not make piecemeal rulings on the admissibility of evidence. Exhibit T may be offered in support of a proper motion or at trial, and its admissibility will be determined at that time.

10.      On December 1, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Motion to Strike and for Sanctions." In this document, Plaintiff "moves the Court under Fed. R. Civ. [P] 12(f) and Fed. R. Civ. P. 11 to strike portions of Defendants' written statement and to impose sanctions." This submission shall be filed as a "Motion to Strike and for Sanctions." However, this Motion is summarily denied by this Order because the Motion is too vague for the Court to determine what "written statement" by Defendants is at issue and whether or not any sanctions would be appropriate.

11.      On December 1, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Motion for Protective Order, Sanctions, and Notice of Correction Regarding Prior Misfiling." The document will not be filed as a "Notice of Correction of Prior Misfiling," because the filing to which it pertains, Exhibit T, has not been offered or admitted for any proper purpose, so the correction is moot.

The document will be filed as a Motion for Protective Order and Request for Sanctions. However, as such it is summarily denied by this Order. The Motion is not a request for a protective order within the meaning of Federal Rules of Civil Procedure 26 or 37. It instead seeks protection from and sanctions for allegedly defamatory statements, interference with Plaintiff's civil rights,

5

retaliation, and improper disclosure of irrelevant personal information. Plaintiff brought this case to the Housing Authority and in this Court, and Defendants' only actions so far have been to litigate the matters in both administrative and judicial proceedings. Such conduct is not sanctionable. In the proper context of dispositive motions or trial, Plaintiff will have the opportunity to dispute any allegations by Defendants. The Court will not prejudge the case prior to the completion of discovery and dispositive motions or trial.

12.    On December 11, 2025, Plaintiff submitted a "Motion Asserting Due Process Violations by the Lincoln Housing Authority and Request for Corrective Relief." The document will be filed as a Motion Asserting Due Process Violations by the Lincoln Housing Authority and Request for Corrective Relief. However, as such it is summarily denied by this Order. The Lincoln Housing Authority is not a party to this litigation. Thus, the requested relief cannot be provided in this case.

13.    On December 11, 2025, Plaintiff also submitted a "Notice of Supplemental Evidence and Request for Judicial Notice." This filing states in part that it is submitted "to clarify the timeline of events and to provide additional documentation supporting Plaintiff's claims of retaliation, abuse of process, interference with housing benefits, and Defendants' pattern of false statements made to courts and governmental agencies. This Notice supplements, but does not amend, the existing complaint." This submission does not request proper action by the Court and will not be filed but will be retained in a "correspondence" file. While the Court can take judicial notice of certain matters, there is no motion properly before the Court at this time that would warrant the Court taking judicial notice of any evidence. The Court will consider proper motions, but the Court will not consider stray submissions of evidence, nor will the Court make rulings on random assertions that attempt to clarify the record. To the extent this submission attempts to

6

supplement rather than amend the Complaint, it is denied. The Court will not deem the submission supplemental and instead requires Plaintiff to offer any proposed alterations of his pleadings in the manner required by Federal Rule of Civil Procedure 15 and applicable local rules.

14.     On December 19, 2025, Plaintiff filed his "Rule 26(a)(1) Initial Disclosures." This document shall be filed because it is related to pretrial discovery matters properly before the Court.

15.     On February 2, 2026, Plaintiff submitted three subpoenas to non-parties to produce documents. The non-parties are identified as Realty Works Property Management, the Lincoln Commission on Human Rights, and Nebraska AIDS Project. Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and for testimony upon a non-party, subject to various requirements. Fed. R. Civ. P. 45. It also provides that a party subpoenaed may object to or move to quash such a subpoena. *See* Fed. R. Civ. P. 45(d). Because such discovery is authorized by the Federal Rules of Civil Procedure, the subpoenas shall be issued by the Clerk of Court. The Court takes no position on whether any of the recipients have grounds to object to or move to quash the subpoena issued to them. Any such objections or motions to quash can be addressed in due course.

The Court has attempted to make clear to Plaintiff that this case will proceed according to the Federal Rule of Civil Procedure, the Court's local rules, and the schedule set out in the Final Progression Order, as those deadlines may subsequently be amended. Plaintiff's numerous frivolous submissions and attempts to pre-litigate issues or to litigate issues not properly within the scope of this action have impeded rather than forwarded the purpose of the Federal Rules of Civil Procedure to provide for the "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Thus,

IT IS FURTHER ORDERED that the Court will continue to require Plaintiff to submit all future filings in paper form via mail to the Clerk of Court; the Court will authorize filing only of submissions requesting proper action by the Court; and documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file.

Dated this 3rd day of February, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge