IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL JAMES GUELTZAU,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner,<br><br>Defendants. | **8:24CV430**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS AND PLAINTIFF'S MOTIONS TO EXPEDITE** |

## I.   INTRODUCTION

In this action, *pro se* plaintiff Mikel James Gueltzau asserts claims of discrimination based on disability and sexual orientation, failure to accommodate, and retaliation in violation of the Fair Housing Act against two individuals, Derek Warehime and Cathy Warehime, the alleged "property managers and owners" of certain apartments in Lincoln, Nebraska. Filing 12 at 1. Gueltzau has sometimes identified another purported defendant as Signature Renovations, LLC, *see, e.g.*, Filing 49, but Gueltzau has not so far amended his complaint to name and assert claims against Signature Renovations, LLC, as a defendant in this action.

This case was on hiatus in this Court after Gueltzau filed a Notice of Appeal (identified as "Emergency Appeal Packet") on November 10, 2025, which deprived this Court of jurisdiction. Filing 78. On December 4, 2025, the Eighth Circuit Court of Appeals filed a Judgment on Plaintiff's Appeal. Filing 86. That Judgment stated in its entirety, "The court has carefully reviewed the original file of the United States District Court and orders that this appeal be dismissed for lack of jurisdiction." Filing 86 at 1. On January 12, 2026, the Eighth Circuit Court of Appeals denied Plaintiff's petition for rehearing by the panel. Filing 88. Mandate from the

1

Eighth Circuit issued on January 20, 2026. Filing 89. Thus, this District Court once again has jurisdiction to consider pending matters.

This case is now before the Court on four matters. The first matter is Gueltzau's "Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike," Filing 51, objecting to an Order at Filing 40. The second and third matters are both Motions to Expedite Proceedings, Filing 53; Filing 54. The fourth matter now before the Court is Gueltzau's "Notice of Objection to Magistrate Judge's Memorandum and Order (Filing No. 58)," Filing 60. For the reasons stated below, Gueltzau's Objections are overruled and his Motions to Expedite Proceedings are denied.

## II. LEGAL ANALYSIS

### A. Gueltzau's Objections to Magistrate Judge's Orders

The court begins its discussion of Gueltzau's Objections to the magistrate judge's orders with a summary of the standards applicable to such objections.

#### 1.    *Applicable Standards*

A district court may refer a nondispositive "pretrial matter" to "a magistrate judge to hear and determine." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). The matters addressed in the challenged orders by the magistrate judge at issue are such nondispositive pretrial matters. To maintain the ability to appeal a magistrate judge's ruling, the opposing party must object to that ruling. *See Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020) (citing cases explaining that "we lack jurisdiction when a party fails to object to a magistrate judge's pretrial order and tries to appeal anyway"); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [nondispositive] order not timely objected to.").

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)). "The

2

district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "As long as [a party] filed objections . . . the district court ha[s] no choice but to consider them." *Devine*, 984 F.3d at 607.

This Court previously explained the applicable standard of review for a magistrate judge's nondispositive ruling as follows:

> The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

*Benson v. City of Lincoln*, 343 F.R.D. 595, 607 (D. Neb. 2023). The Court will apply these standards to each of Gueltzau's Objections in turn.

> 2.     *The Objection to the Order on Gueltzau's Motion to Strike Portions of Defendants' Answer*

The first order to which Gueltzau objects is the Memorandum and Order, Filing 40, by United States Magistrate Judge Ryan C. Carson on Gueltzau's Motion to Strike portions of Defendant's Answer under Federal Rule of Civil Procedure 12(f), Filing 39. Gueltzau argued that Defendants' Answer made improper affirmative allegations, blanket denials without basis, and immaterial and impertinent reservations of rights, and that Defendants' statement that Gueltzau's claims are barred for failure to state a claim is procedurally improper. Filing 40 at 1 (summarizing Gueltzau's argument).

After stating applicable standards under Rule 12(f), Judge Carson reasoned as follows:

3

Plaintiff's complaint alleges discrimination on the basis of disability and sexual orientation, failure to accommodate, and retaliation by Defendant's [sic] Derek and Cindy Warehime, the alleged property managers and owners of Peachtree Apartments in Lincoln. (Filing No. 12). Plaintiff seeks to strike paragraphs 2, 8, 11, 12, and 14 of Defendants' Answer and an order from the court requiring Defendants to file an amended answer conforming with Rule 8(b). In Paragraphs 2 and 11, Defendants deny ownership of a property that is involved with Plaintiff's claims and deny entering into a lease or rental agreement with Plaintiff. Paragraph 8 contains a general denial as to Plaintiff's claims, paragraph 12 asserts a defense to the claims, and paragraph 14 reserves the right to raise additional defenses that may arise during the discovery process. None of Defendants' statements are redundant, immaterial, impertinent or scandalous. The answer is therefore related to the pertinent issues alleged in Plaintiff's Complaint.

Filing 40 at 2. Consequently, Judge Carson denied Gueltzau's Motion to Strike. Filing 40 at 2.

Gueltzau objects to Judge Carson's Order on the ground that Defendants' attorney represented Signature Renovations in state court proceedings and declared under oath that Signature Renovations owns the property at which Gueltzau was residing. Filing 51 at 1. However, Gueltzau argues that Defendants' attorney has denied any knowledge or ownership interest in the same property, and such a contradiction is a misrepresentation warranting the striking of Defendants' improper denial under Rules 12(b) and 12(f). Filing 51 at 1. Gueltzau argues that as a matter of law, the denial of ownership disregards binding precedent requiring candor to the tribunal and the avoidance of duplicity between state and federal filings. Filing 51 at 1. He argues that because he has documentation of Defendants' counsel's admission of Signature Renovations' ownership, the denial of his Motion to Strike was clear error. Filing 51 at 1.

The paragraphs of Defendants' Answer that Gueltzau seeks to strike allege the following:

2.      Defendants deny the introduction of Plaintiffs Amended Complaint. Defendants affirmatively allege neither of them [is] the owner[ ] of [the property where Gueltzau lived] and neither Defendant ha[s] ever owned said property.

* * *

8.      Defendants deny the all [sic] of the Claims, numbered 1, 2, 3 and 4.

* * *

4

11.     Defendants affirmatively allege that neither Derek Warehime [nor] Cathy Warehime [was a] part[y] to any lease or rental agreement with the Plaintiff. The lease agreement attached to Plaintiff's Amended Complaint shows the landlord was Signature Renovations, LLC.

12.     Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

\* \* \*

14.     The Defendants reserve the right to raise additional defenses that may arise during the discovery process.

Filing 36 at 1–2.

The Court finds nothing clearly erroneous or contrary to law in Judge Carson's denial of Gueltzau's Motion to Strike these paragraphs. *Benson*, 343 F.R.D. at 607; 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). Where Defendants named in this lawsuit are Derek Warehime and Cathy Warehime not Signature Renovations, there is simply no contradiction in the Answer that warrants striking the Answer. The acknowledgement in state court proceedings involving Signature Renovations that Signature Renovations owned the property in question and had a lease with Gueltzau is not contrary to the denial in these proceedings involving only the Warehimes that the Warehimes do not own the property and are not parties to the lease with Gueltzau. Contrary to Gueltzau's contention, Filing 51 at 1, there is no allegation in the Answer that neither the Warehimes nor their counsel knows who owns the property, *see* Filing 36 *passim*. The Court also finds nothing clearly erroneous or contrary to law in Judge Carson's conclusions that nothing in the challenged paragraphs is redundant, immaterial, impertinent or scandalous, and that the answer is therefore related to the pertinent issues alleged in Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(f) (stating grounds to strike).

Thus, the Court overrules Gueltzau's Objection, Filing 51, to Judge Carson's Order, Filing 40, and affirms Judge Carson's denial of Gueltzau's Motion to Strike portions of Defendant's Answer under Federal Rule of Civil Procedure 12(f), Filing 39.

3.    *The Objection to the Order Denying Gueltzau's Motion for Sanctions, for a More Definite Statement, and to Strike Defendant's Blanket Denial*

In his Notice of Objection, Filing 60, Gueltzau objects to Judge Carson's Memorandum and Order, Filing 58. That Memorandum and Order denied Gueltzua's Motion for Sanctions and Request for Reprimand of Counsel, Filing 47; denied Gueltzau's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), Filing 48; and denied Gueltzau's Motion to Strike Defendants' Blanket Denial and for Reprimand of Counsel, Filing 49. Filing 58 at 3.

Judge Carson's ruling on the Motion for Sanctions stated the following:

> In Filing No. 47, Plaintiff's motion for sanctions requests that the court take judicial notice of Lancaster County Court Cases CI 24-8159, CI 24-12319, and CI 24-15657, and find that Defendants' attorney "has acted in bad faith by re-filing or maintaining actions after dismissal." Plaintiff requests that this court issue an order of sanctions and a formal reprimand and refer the attorney to the Nebraska Counsel for Discipline for investigation. Upon review, Plaintiff has not presented grounds to sanction Defendants or their counsel. Plaintiff brought this case in this court, and Defendants' only action so far in it is to file an answer, an answer which the court has found was not improper and should not be stricken. *See* Filing No. 40. Accordingly, Filing No. 47 will be denied.

Filing 58 at 2. Judge Carson's denial of the Motion for More Definite Statement pointed out that Gueltzau's motion sought a more definite statement of "Defendant's counterclaim." Filing 58 at 2. Judge Carson's ruling on that Motion was the following:

> Upon review of the docket, Defendants have not filed a counterclaim. Fed. R. Civ. P. 7 sets forth the only pleadings allowed in Federal Court. Defendants have filed an answer pursuant to Fed. R. Civ. P. 7(a)(2) stating their defenses as permitted by Fed. R. Civ. P. 8. Fed. R. Civ. P. 12(e) permits a motion for more definite statement of a pleading to which a responsive pleading is allowed, however no further pleadings or responses to Defendants' answer are appropriate. Therefore Filing No. 48 will be denied.

6

Filing 58 at 2. As to Gueltzau's Motion to Strike Defendants' Blanket Denial, Judge Carson explained that Gueltzau sought relief "for the positions taken in state court on behalf of Signature Renovations LLC versus positions taken in this court on behalf of Defendants Cathy and Derek Warehime." Filing 58 at 2–3. Judge Carson then reasoned as follows:

> The court notes that although Plaintiff has included Signature Renovations LLC as a "defendant" in the caption of his motion, the entity is not a defendant in this action. As previously discussed, the only action taken by Defendants' counsel in this court is the filing of an answer, which is not improper. Plaintiff's request for a reprimand will be denied. Fed. R. Civ. P. 8 permits both general and specific denials, and Plaintiff has not shown why a "blanket denial" is improper or that striking the entire pleading is justified. For these reasons, and for the reasons cited in Filing No. 40, Filing No. 49 will be denied.

Filing 58 at 3.

Gueltzau's Notice of Objection to this Memorandum and Order does not state distinct objections to Judge Carson's three rulings. Instead, Gueltzau argues, "The Order overlooks the requirements of Fed. R. Civ. P. 8(b) concerning the sufficiency and good-faith basis of denials and ignores counsel's prior involvement in Plaintiff's state-court eviction proceedings on behalf of Signature Renovations LLC." Filing 60 at 1. He then argues that while he has provided documentary evidence in support of his allegations, Defendants "ha[ve] not produced a single exhibit, affidavit, or document substantiating the general denials contained in the Answer." Filing 60 at 1 (citing Filing 36). Gueltzau argues that this "imbalance" shows that he has met his burden to proceed in good faith, but Defendants have not. Filing 60 at 2. Gueltzau argues that Federal Rule of Civil Procedure 8(b)(4) "prohibits denials that are evasive or that fail to admit what is known to be true." Filing 60 at 2. He also argues that Defendants have violated Rule 8(b)(4) by refusing to admit factual matters already established under oath in prior proceedings. Filing 60 at 2. He argues that such contradictions by Defendants amount to bad faith pleading in violation of Federal Rule of Civil Procedure 11(b)(3).

The Court finds nothing clearly erroneous or contrary to law in Judge Carson's denial of Gueltzau's three Motions in his Memorandum and Order, Filing 58. *Benson*, 343 F.R.D. at 607; 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). Again, Gueltzau's objections are premised on the notion that Signature Renovations is a defendant in this case or that the Warehimes and Signature Renovations are essentially one entity. Signature Renovations is not a defendant in this case, so there are no contradictions in the Warehimes' Answer with any statements made by Signature Renovations in the state-court proceedings. Furthermore, Gueltzau's pleadings and his arguments about the evidence offered in support simply establish his version of the facts. Further proceedings—discovery, dispositive motions, and possibly trial—will ultimately determine the facts in the case. Contrary to Gueltzau's assertions, Rule 8(b)(4) nowhere "prohibits denials that are evasive or that fail to admit what is known to be true." Filing 60 at 2. Rather, Rule 8(b)(4) states, "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Judge Carson did not clearly err, as a matter of fact or law, in concluding that Defendants adequately identified the parts of Gueltzau's allegations that they denied. The Court agrees with Judge Carson that "Fed. R. Civ. P. 8 permits both general and specific denials, and Plaintiff has not shown why a 'blanket denial' is improper or that striking the entire pleading is justified." Filing 58 at 3.

Thus, the Court overrules Gueltzau's Objection to Judge Carson's Memorandum and Order denying three of Gueltzau's Motions, Filing 58, and affirms Judge Carson's Memorandum and Order, Filing 58, in its entirety.

### B. The Motions for Expedited Proceedings

As stated in § I of this decision, also pending before the Court are Gueltzau's Motions to Expedite Proceedings, Filing 53; Filing 54. These filings differ only in that Filing 53-1 and Filing 53-2 are each single-page documents consisting of uninitialed and unsigned reports of Gueltzau's

housing and work accommodations, while Filing 54-1 contains initialed and signed reports of Gueltzau's housing and work accommodations in a single document with an additional third page. Both Motions to Expedite Proceedings include "Exhibit C Plaintiff's Declaration of Financial and Medical Hardship." Filing 53-3; Filing 54-2. In support of his Motions, Gueltzau argues that he suffers from medically diagnosed conditions and that extended litigation delays will risk worsening his health, increasing his stress, and undermining his ability to maintain essential living conditions. Filing 54 at 1.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Chambers v. NASCO, Inc*., 501 U.S. 32, 43–46 (1991) (explaining that a district court possesses inherent powers "to manage [its] affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Skender v. Eden Isle Corp*., 33 F.4th 515, 522 (8th Cir. 2022) ("Courts possess certain inherent powers to manage their affairs and ensure that cases are disposed of in an orderly manner." (citing *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc*., 682 F.3d 1091, 1095 (8th Cir. 2012), in turn citing *Chambers,* 501 U.S. at 43–46)). Indeed, Federal Rule of Civil Procedure 1 states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Gueltzau has not shown any sufficient reason for the Court to exercise its inherent authority to expedite his case ahead of any others pending on the Court's docket. To the contrary, his pattern of behavior in this case has involved various improper, improperly docketed, and frivolous filings, imposing unnecessary burdens on and the useless consumption of court resources, as well as the harassment of Defendants with meritless motions. Filing 76 at 1–2. His frivolous appeal also

delayed the expeditious litigation of this matter. Even assuming that litigation delays will risk worsening Gueltzau's health, increasing his stress, and undermining his ability to maintain essential living conditions, Filing 54 at 1, the delays so far have been entirely of his own making. There is a Progression Order in place in this case, which reasonably provides for the "just, speedy, and inexpensive determination" of this action. *See* Filing 37. The Court finds no basis to hasten any of those deadlines. This case should be allowed to proceed according to those deadlines as the best course to a reasonably prompt disposition.

The Court denies Gueltzau's Motions to Expedite Proceedings, Filing 53; Filing 54.

### III. CONCLUSION

Thus far in this case, Gueltzau has caused an immense waste of time in the federal courts given Plaintiff's frivolous filings. The Court reminds Plaintiff that a civil plaintiff who abuses the court system can be subject to sanctions, including sanctions such as dismissal of the case and award of financial sanctions to the opposing party. *See, e.g., Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (holding that a party's meritless motions that unreasonably and vexatiously multiplied the proceedings and "wast[ed] . . . everyone's time" were sanctionable under 28 U.S.C. § 1927); 28 U.S.C. § 1927 ("Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Fed. R. Civ. P. 11(b) (permitting sanctions on any party who violates Rule 11(a), which requires parties not to present to the court "a pleading, written motion, or other paper" that is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or that fails to asserts "a nonfrivolous argument"). This Court has already reminded Plaintiff that the Court has the authority to seize a plaintiff's personal assets to pay sanction fees or fines if legally warranted. *See, e.g., Eckert v. Lane*, 678 F. Supp. 773, 777 (W.D. Ark. Jan. 26,

10

1988) (imposing Rule 11 sanctions upon a *pro se* plaintiff for "frivolous filings" and directing the United States Attorney for the Western District of Arkansas "to collect such amount by garnishment, execution, or other appropriate means").

This Court's patience is wearing thin. The frivolous filings in this case will stop or there will be consequences for the Plaintiff.

Upon the foregoing,

IT IS ORDERED that

1.      Gueltzau's "Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Strike," Filing 51, is overruled, and United States Magistrate Judge Carson's denial of Gueltzau's Motion to Strike portions of Defendant's Answer under Federal Rule of Civil Procedure 12(f), Filing 39, is affirmed;

2.      Gueltzau's "Notice of Objection to Magistrate Judge's Memorandum and Order (Filing No. 58)," Filing 60, is overruled, and United States Magistrate Judge Carson's Memorandum and Order, Filing 58, is affirmed in its entirety;

3.      Gueltzau's Motions to Expedite Proceedings, Filing 53; Filing 54, are denied.


Dated this 3rd day of February, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

11