IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIKEL JAMES GUELTZAU,

        Plaintiff,

    vs.

DEREK WAREHIME, Property Manager and
Owner; and CATHY WAREHIME, Property
Manager and Owner,

        Defendants.

**8:24CV430**

**ORDER ON SCREENING OF
DOCUMENTS SUBMITTED BY
PLAINTIFF ON MARCH 2, 2026**

On November 4, 2025, the Court filed a Memorandum and Order on Plaintiff's Response to Order to Show Cause and Various Filings. Filing 76. In that Memorandum and Order, among other things, the Court concluded that Plaintiff has failed to show cause why all his future submissions should not be reviewed by the Court prior to filing. Filing 76 at 6. Consequently, the Court ordered that all Plaintiff's future filings must be submitted in paper form via mail to the Clerk of Court; that the Court will authorize the filing only of submissions requesting proper action by the Court; and that documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file. Filing 76 at 6. The Court has previously determined which of several of Plaintiff's submission should be filed. *See* Filing 90.

On March 2, 2026, Plaintiff submitted seven documents for approval for filing. As set out below, the Court either authorizes the filing of submissions requesting proper action by the Court—and in some or all instances summarily denies the relief requested in those submissions—or determines that the submissions are improper and will not be filed but will be retained in a "correspondence" file. Filing 76 at 6. Accordingly,

IT IS ORDERED as follows:

1

**1.** and **2.** Plaintiff submitted identical documents entitled "Notice of Denial of Access to the Court." Plaintiff states, among other things,

> On or about February 7, 2026, Plaintiff submitted a filing requesting judicial relief and attaching an affidavit setting forth material facts. The Clerk of Court declined to docket the filing and instead marked it as "correspondence."
>
> The submission requested judicial action, was styled as a motion, and contained sworn evidence relevant to Plaintiff's federal claims. Accordingly, it should have been docketed as a motion under the Federal Rules of Civil Procedure.

The Court had no record of its own of any submission by Plaintiff after February 2, 2026. The Court queried the Clerk's Offices in both Lincoln and Omaha, and neither office had received any submission from Plaintiff on or about February 7, 2026. Thus, there is no evidence that on or about February 7, 2026, Plaintiff submitted to the Clerk's Office "a filing requesting judicial relief and attaching an affidavit setting forth material facts."

Consequently, these two documents will be filed as Motions, but they are summarily denied. The Court cannot grant relief in the form of filing a prior request for judicial action that was never submitted.

**3.** Plaintiff submitted a document entitled "Plaintiff's Corrected Motion for Judicial Notice and Request for Order Regarding Material Misrepresentations." Plaintiff states that he "submits this corrected motion pursuant to Fed. R. Evid. 201 and Fed. R. Civ. P. 7(b), to cure the deficiencies identified in the Court's prior order and to properly seek judicial notice of public filings and sworn documents relevant to this case." He asserts,

> This motion does not introduce new evidence or compel discovery. Plaintiff seeks judicial notice solely to highlight the following material contradictions appearing in public records:
>
> - State-court filings naming Signature Renovations LLC as landlord;
>
> - Defendants' federal denial of landlord authority or ownership;
>
> - Eviction orders that contradict Defendants' assertions.

2

He states further, "This motion does not request discovery but seeks recognition of contradictions shown in public records." As relief, he requests that the Court "Take judicial notice of the public records identified herein"; "Acknowledge inconsistencies between Defendants' federal filings and state-court records"; and "Accept this corrected motion as properly filed under Rule 7(b)."

It appears that this submission is intended as a corrected version of Plaintiffs' November 12, 2025, submission entitled "Motion for Judicial Notice and Request for Corrective Action Regarding Misrepresentation of Lease Terms in State-Court Case CI 24-8159." Although the "Corrected" submission is filed as a "Motion," it corrects none of the deficiencies in the prior submission. While the Court can take judicial notice of public filings in a state-court action, there is no motion properly before the Court at this time that would warrant the Court taking judicial notice of any evidence. The Court will not consider stray submissions of evidence, nor will the Court make rulings on random assertions that an opposing party's submissions contain material misrepresentations.

This "Corrected Motion" will be filed, but it is summarily denied as seeking relief not available from the Court.

4.      Plaintiff submitted a document entitled "Plaintiff's Corrected Motion to Clarify Defendants' Misstatements Regarding Trial Location." Plaintiff states that he "submits this corrected motion in place of the document previously titled 'Reply to Defendants' Response to Plaintiff's Request to Move Trial,' which the Clerk declined to file." This submission states in part,

> 1. Plaintiff filed the earlier submission solely to address material misstatements made by Defendants concerning Plaintiff's position and factual circumstances related to the original request.
>
> 3. Because the prior document was not docketed, Defendants' mischaracterizations remain unaddressed in the record, creating factual inaccuracies that may affect subsequent proceedings.

3

Plaintiff requests that "the Court permit this corrected motion to stand for the limited purpose of clarifying the record regarding those misstatements, without altering the Court's ruling on trial location." This document shall be filed as a "Motion," but it is summarily denied.

In a prior Order, the Court stated,

> On November 17, 2025, Plaintiff submitted to the Clerk of Court a document entitled "Reply to Defendants' Response to Plaintiff's Request to Move Trial." This submission will not be filed because the issue of the place of trial is redundant and moot. Judge Carson's December 3, 2025, Order granted Plaintiff's Filing 71 to the extent that it requested that Lincoln be designated as the place of trial. Filing 85.

Filing 90 at 3 (¶ 2). The issue remains moot. Thus, no purpose would be served by the Corrected Motion. In the proper context of dispositive motions or trial, Plaintiff will have the opportunity to dispute any allegations by Defendants that go to the merits of his claims.

5.      Plaintiff submitted a document entitled "Plaintiff's First Set of Federal Discovery Requests." This submission shall be filed as a discovery request with the title Plaintiff provided.

6.      Plaintiff submitted a document entitled "Plaintiff's Motion to Compel Discovery Responses and for Sanctions." This Motion asserts that Plaintiff served discovery requests on February 10, 2026; that Defendants had thirty days within which to serve responses; but Defendants provided no responses or objections. This document shall be filed with the title Plaintiff provided, but as a "Motion to Compel Discovery Responses and for Sanctions," it is summarily denied. First, no discovery requests were filed by Plaintiff on February 10, 2026. Second even if discovery requests had been properly served and filed, thirty days have not yet run since February 10, 2026, so a motion to compel and for sanctions is premature.

7.      Plaintiff's last submission on March 2, 2026, is entitled "Plaintiff's Updated Motion for ADA Accommodations." This submissions states, that the Court "did not address Plaintiff's updated ADA-related needs that have arisen due to medical, relocation, and

communication circumstances occurring after the Court's previous order." He asserts that he requires the following updated accommodations:

- Permission to submit filings by email when disability-related limitations obstruct ECF use;

- Written orders in accessible digital formats;

- Clarification assistance when court notices are ambiguous;

- Reasonable extensions when Plaintiff's medical condition affects deadlines;

- Remote appearance for non-evidentiary hearings when medically necessary;

- Confirmation of ADA compliance for in-person courtroom access.

This submission will be filed as a Motion with the title Plaintiff provided, but as a Motion it is summarily denied.

Much of the Motion is redundant of Plaintiff's prior accommodation requests on which the Court has already ruled. Filing 76. Other requested accommodations are not reasonably necessary for meaningful access to the Court. As the Court stated in its prior ruling,

> [Plaintiff] requests permission to "[f]ile documents via email or fax as a reasonable accommodation due to health and financial hardship." Filing 71 at 2. However, the Court concludes that ordering Plaintiff to make all submissions in paper form by mail reasonably accommodates his health and financial hardship by providing him with meaningful access to the Court. *See Hall v. Higgins*, 77 F.4th 1171, 1181 (8th Cir. 2023) ("[A] public entity must make reasonable accommodations where necessary to give 'meaningful access' to programs or benefits."). Fax and email filing are not reasonably necessary. Indeed, Plaintiff's past conduct demonstrates that his electronic access to the Court's docketing system was abused, so that fax or email filing would be inappropriate. Plaintiff also seeks an order that "future hearings or conferences [be] conducted via Zoom or telephone when in-person appearance in Omaha would create an undue burden." Filing 71 at 2. The Court already takes into consideration the location and circumstances of the parties in setting hearings or other proceedings in person or by remote means, so that no such specific accommodation is reasonably necessary. Furthermore, Plaintiff's ability to respond to the Court's Show Cause Order within hours by personally delivering a response to the Clerk's Office in Lincoln casts doubt on his need for further accommodations.

5

Filing 76 at 4–5.

Thus, Plaintiff does not need permission to submit filings by email when disability-related limitations obstruct ECF use because he is currently prohibited from using the CM/ECF system for filings. Filing 76 at 4–5. Email filings are not reasonably necessary where he is permitted to submit filings by mail. Filing 76 at 4–5. Email filings are also inappropriate because Plaintiff's past conduct demonstrates that his electronic access to the Court's docketing system was abused. Filing 76 at 5. Receiving written orders in accessible digital formats is not reasonably necessary to provide Plaintiff with meaningful access to the Court when he is mailed physical copies of all orders, *see Hall,* 77 F.4th at 1181, and he has previously abused electronic access to the Court. Clarification assistance when Court notices are ambiguous can be obtained when necessary by filing a motion for clarification. Reasonable extensions when Plaintiff's medical condition affects deadlines will be provided upon motions showing good cause. As previously explained, remote appearance for non-evidentiary hearings when medically necessary is already provided. Filing 76 at 5. Finally, there is no reason to believe that the Federal Courthouse in either Lincoln or Omaha fails to comply with ADA standards for in-person courtroom access.

IT IS FURTHER ORDERED that the Court will continue to require Plaintiff to submit all future filings in paper form via mail to the Clerk of Court; the Court will authorize filing only of submissions requesting proper action by the Court; and documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file.

Dated this 3rd day of March, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

6