IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIKEL JAMES GUELTZAU,

                  Plaintiff,

      vs.

DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner,

                  Defendants.

**8:24CV430**

**ORDER ON SCREENING OF DOCUMENTS SUBMITTED BY PLAINTIFF ON MARCH 23, 2026**

On November 4, 2025, the Court filed a Memorandum and Order on Plaintiff's Response to Order to Show Cause and Various Filings. Filing 76. In that Memorandum and Order, among other things, the Court concluded that Plaintiff has failed to show cause why all his future submissions should not be reviewed by the Court prior to filing. Filing 76 at 6. Consequently, the Court ordered that all Plaintiff's future filings must be submitted in paper form via mail to the Clerk of Court; that the Court will authorize the filing only of submissions requesting proper action by the Court; and that documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file. Filing 76 at 6. The Court has previously determined which of Plaintiff's numerous submission should be filed. *See* Filing 90.

On March 23, 2026, Plaintiff submitted two documents for approval for filing. As set out below, the Court authorizes the filing of one of those submissions and determines that the other submission is improper and will not be filed but will be retained in a "correspondence" file. Filing 76 at 6. Accordingly,

IT IS ORDERED as follows:

1

1.  Plaintiff submitted a document entitled "Notice of Change of Address," listing a new contact address in Horton, Kansas.  This document will be filed as a Notice of Change of Address.

2.      Plaintiff submitted a document entitled "Plaintiff's Supplemental Notice of Evidence." He requests that the Court accept the proffered supplemental evidence for inclusion in the record of this case. This document will not be filed but will be retained in a "correspondence" file. The Court has repeatedly explained that the Court will consider proper motions, but the Court will not consider stray submissions of evidence. *See* Filing 90 at 2 (¶ 1), 4 (¶ 8), 6 (¶ 13); *see also* Filing 76 at 5 (striking a submission as "another in [Plaintiff's] stream of improper serial submission of evidence"); Filing 70 at 2 (striking a submission because "Plaintiff's serial submissions of evidence are contrary to the Federal Rules of Civil Procedure, which provide that once the pleadings of the parties have been filed, the case proceeds to discovery and motion practice pursuant to a Progression Order, not by serial submissions of evidence").

IT IS FURTHER ORDERED that the Court will continue to require Plaintiff to submit all future filings in paper form via mail to the Clerk of Court; the Court will authorize filing only of submissions requesting proper action by the Court; and documents that the Court determines are improper will not be filed but will be retained in a "correspondence" file.

Dated this 23rd day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

2