IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIKEL JAMES GUELTZAU,

Plaintiff,

vs.

DEREK WAREHIME, Property Manager and Owner; and CATHY WAREHIME, Property Manager and Owner;

Defendants.

**8:24CV430**

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION AND DISMISSING CASE FOR WANT OF PROSECUTION**

This case, filed on November 5, 2024, Filing 1, is before the Court on the October 1, 2026, Findings and Recommendation by United States Magistrate Judge Ryan C. Carson. Filing 112. In his Findings and Recommendation, Judge Carson recommends dismissal of this action without prejudice pursuant to NECivR 41.2 for want of prosecution. Filing 112 at 1.

Judge Carson's Findings and Recommendation followed his September 1, 2026, Order to Show Cause why this case should not be dismissed pursuant to NECivR 41.2 for want of prosecution after Plaintiff failed to appear for a status conference on September 1, 2026. Filing 112 at 1. Judge Carson's chambers attempted to contact Plaintiff at the phone number and email address that he had provided but were unsuccessful. Filing 112 at 1. Consequently, in his Order to Show Cause, Judge Carson gave Plaintiff until September 22, 2026, to show cause why the Court should not dismiss his claims for want of prosecution. Filing 110 at 2 (¶ 1). In that Order, Judge Carson also warned that the failure to comply would result in a recommendation that this case be dismissed without further notice. Filing 110 at 2 (¶ 2). In his Findings and Recommendation, Judge Carson finds that Plaintiff has not responded to the show cause order and that the time for doing so has passed. Filing 112 at 1.

The Court is aware of the number of improper filings submitted by Plaintiff during this litigation, which prompted the Court to require Plaintiff to submit all his proposed filings in paper form via mail to the Clerk of Court to be reviewed by the Court prior to filing. Filing 106; Filing 107. In his Findings and Recommendation, Judge Carson states that on September 30, 2026, he verified with the Clerk of Court that the Clerk's Office had not received any filings from Plaintiff since the filing of the Show Cause Order on September 1, 2026, Filing 112 at 2, and the Court has not received any mailings from Plaintiff for the Court's review in the interim, either. Under these circumstances, Judge Carson recommended that pursuant to 28 U.S.C. § 636(b) the Court dismiss Plaintiff's claims for want of prosecution without further notice. Filing 112 at 2. No party has filed objections to the pertinent Findings and Recommendation within the time allowed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive or non-dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord* *Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser

standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review Findings and Recommendations to which no objections are filed at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed the record and finds no error—clear or otherwise—in Judge Carson's pertinent Findings and Recommendation and his conclusion that dismissal for want of prosecution is now appropriate pursuant to NECivR 41.2 in light of Judge Carson's careful consideration of the circumstances and applicable law. *See Grinder*, 73 F.3d at 795. Accordingly,

IT IS ORDERED that

1. the Court accepts the Findings and Recommendation, Filing 112, pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3); and

2. based on Judge Carson's Findings and Recommendation, this case is dismissed for want of prosecution pursuant to NECivR 41.2.

The Clerk of Court shall close the case.

Dated this 27th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge